**Mitchell v. Hyster Co.**
**Case No. C-880626**
**Hamilton County, (1st)**
**Decided January 24, 1990**
[Cite as 1 AOA 3]

Condit & Dressing Co., L.P.A. and John W. Dressing, Esq., 5041 Oaklawn Drive, Cincinnati, Ohio 45227, for Plaintiffs- Appellants,

Taft, Stettinius & Hollister, Gerald J. Rapien, Esq., and Christine M. Zimmer, Esq., 1800 Star Bank Center, Cincinnati, Ohio 45202, and Phelan, Pope & John, Ltd., and John M. Christian, Esq., 180 North Wacker Drive,

Chicago, Illinois 60606, for Defendant-Appellee Hyster Company,

Halaby & Halaby and Peter S. Edgar, Esq., 615 Main Street, Second Floor, Cincinnati, Ohio 45202, for Defendant-Appellee Bode-Finn Company.

*PER CURIAM.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Court of Common Pleas of Hamilton County, Ohio, the transcript of the proceedings, and the briefs and arguments of counsel.

Plaintiffs-appellants, Charles and Karen Mitchell, filed a products liability suit based upon theories of strict liability and negligence against defendants-appellees, Hyster Company and Bode-Finn Company. A jury returned a verdict in favor of the defendants. The trial court denied the plaintiffs' motion for a new trial, and they appealed.

On appeal, the plaintiffs raise five assignments of error directed to the instructions given to the jury and the admissibility of certain evidence. We find no merit in these assignments and, therefore, affirm the judgment of the trial court.

On July 24, 1980, Charles Mitchell sustained injuries while operating a forklift in the warehouse of his employer, Parkview Markets. Hyster Company manufactured the forklift and Bode-Finn Company distributed the forklift. Parkview Markets installed a two-way radio to the underside of the overhead guard in the forklift. The radio was mounted to the right and above the forklift operator's head.

The accident causing Charles Mitchell's injuries occurred when the forklift he was operating struck a short concrete-filled steel post in the warehouse at a speed of one to two miles per hour. The impact caused him to move forward and upward out of the seat and to hit his head. In answers to interrogatories, the jury found that the sole proximate cause of the plaintiffs' injuries was the radio installed by Parkview Markets.

In their first assignment of error, the plaintiffs contend the that trial court erred in instructing the jury that "[i]f a manufacturer, such as Hyster Company, sells a product such as the forklift in question in a defective condition unreasonably dangerous to the user, it is subject to liability for physical harm to the user." The

plaintiffs argue that they need not establish that the forklift was unreasonably dangerous.

In a products liability action wherein the plaintiff alleges a design defect in the product, the plaintiff need not prove that the product is both in a defective condition and unreasonably dangerous. *Cremeans v. International Harvester Co.* (1983), 6 Ohio St. 3d 232, 452 N.E.2d 1281. The injured plaintiff need only establish that the product design is more dangerous than an ordinary consumer would expect when the product is used in an intended or reasonably foreseeable manner, or that the benefits of the challenged design do not outweigh the risk inherent in such design, to show that the product design is in a defective condition. *Knitz v. Minster Machine Co.* (1982), 69 Ohio St. 2d 460, 432 N.E.2d 814, certiorari denied (1982), 459 U.S. 857, 103 S. Ct. 127. We, therefore, find that the instruction given by the court to the jury was incorrect.

However, we find that this improper phrase, when considered in connection with the entire instructions of the court to the jury, resulted in no prejudicial error to the plaintiffs. See *Centrello v. Basky* (1955), 164 Ohio St. 41, 128 N.E.2d 80. After using the phrase "unreasonably dangerous to the user," the trial court proceeded to explain in detail that in deciding whether the forklift was defective, the jury had to apply the consumer- expectation test or the risk-benefit test as provided in *Knitz.* The trial court specifically instructed the jury to determine "whether the forklift failed to perform as safely as an ordinary user would expect when used in the intended or a reasonably foreseeable manner" or "whether the risks of danger inherent in the design used outweighed the benefit of such design" to decide whether the design of the forklift was in a defective condition. Since the erroneous statement to the jury, when read in relation to the whole charge, was not prejudicial to the plaintiffs, we overrule the first assignment of error.

In their second assignment of error, the plaintiffs contend that the trial court erred in failing to instruct the jury that the standards for forklifts set forth by the American National Standards Institute could not be considered in reviewing the strict-liability claim. However, we find that the reference to the industry standards in the charge to the jury was clearly limited to the plaintiffs' negligence claims. In its instructions to the jury, the trial court initially discussed the plaintiffs' strict-liability claim. The trial court clearly separated that claim from the negligence claim, and then proceeded to instruct the jury on the negligence aspects of the case. At this point, the trial court mentioned the industry standards and indicated that they were not conclusive as to whether the defendants were negligent.

Since the trial court limited the jury's inquiry regarding the industry standards to the plaintiffs' negligence claims, we find no error in its refusal to further instruct the jury that the industry standards were not to be considered in reference to the strict-liability claim. Cf. *Bailey v. V & O Press Company, Inc.* (C.A. 6, 1985), 770 F.2d 601 (trial court erred in failing to give a cautionary instruction concerning the inapplicability of industry standards to the strict-liability claim *where the negligence claim was withdrawn* after testimony had been received). We, therefore, find no merit in the second assignment of error.

The plaintiffs' third assignment of error states that the trial court improperly permitted testimony regarding the industrial safety regulations of the federal government contained in the Occupational Safety and Health Act (OSHA). They rely on the rule that OSHA regulations do not relate to parties in a products liability case and, therefore, that evidence regarding the regulations may not be used to support or dispute a claim in such a case. See *Minichello v. U. S. Industries* (C.A. 6, 1985), 756 F.2d 26.

However, the references to OSHA regulations in this case were limited and resulted in no prejudice to the plaintiffs. During cross-examination of the plaintiffs' engineering expert, defense counsel asked Ronald Huston if he was familiar with OSHA regulations governing the design specifications of forklifts in an attempt to challenge his qualifications as an expert. Later in the trial, defense expert Rodney Kevin Smith indicated that he had worked for an agency that had done research for OSHA. These statements involving OSHA regulations were not used to support the defendants' case and, therefore, were neither improper nor prejudicial. The third assignment of error is without merit.

In their next assignment of error, the plaintiffs contend that the trial court improperly admitted the testimony of a psychiatrist where his opinion was based on hearsay. Dr. Phillip Edelstein testified on the issue of injuries and damages Charles Mitchell allegedly suffered as a result of the accident involving the forklift.

In reaching his conclusions, he reviewed and relied upon reports issued by other doctors, and he conducted his own examination of Charles Mitchell.

The jury found that the defendants were not liable and, therefore, never addressed the issue of damages. Accordingly, any possible error in admitting Edelstein's testimony could not have prejudiced the plaintiffs. See *McFadden V. Galena Shale, Tile and Brick Co.* (1967), 10 Ohio St. 2d 70, 225 N.E.2d 229. The fourth assignment of error is overruled.

In the plaintiffs' final assignment of error, they argue that the trial court improperly refused to permit testimony regarding a subsequent similar accident. The trial court has discretion to determine whether other events are sufficiently similar to contested events that evidence about them has probative value. *Babb v. Ford Motor Co.* (1987), 41 Ohio App. 3d 174, 535 N.E.2d 676. The proponent of such evidence has the burden of supplying necessary foundation evidence to show the alleged similarity. *McQueen v. Goldey* (1984), 20 Ohio App. 3d 41, 484 N.E.2d 712.

The plaintiffs proffered the testimony of Adam Bachelor, who had an accident while driving the same forklift Charles Mitchell had driven. Bachelor's accident happened eighteen months after Mitchell's accident when he drove the forklift at a speed greater than one or two miles per hour into a second moving forklift. Bachelor was ejected forward, struck his head and received injuries to his brain and skull.

The trial court did not abuse its discretion by declining to admit Bachelor's testimony since significant differences between the two accidents were evident regarding the speeds at which the forklift was being operated and the types of objects that were hit. We, therefore, find no merit in the plaintiffs' fifth assignment of error.

The judgment of the trial court is affirmed.

KLUSMEIER, P.J., HILDEBRANT and UTZ, JJ.